# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40947
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID LEE VANN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-901-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant David Lee Vann was indicted on one count of attempted enticement and coercion of a minor and four counts of possession of child pornography. Vann pleaded guilty to attempted enticement and coercion of a minor in violation of 18 U.S.C. § 2422(b). In consideration of Vann's guilty plea, the Government agreed to move to dismiss the four remaining counts of the indictment at sentencing. Vann was sentenced to 120 months of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment and 10 years of supervised release.  On appeal, Vann argues that the Government breached the plea agreement by failing to move to dismiss the remaining counts.  He also asserts that the written judgment incorrectly identifies his offense of conviction as enticement and coercion of a minor rather than attempted enticement of a minor.

"[A]n alleged breach of a plea agreement may be raised despite a waiver provision."  *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010).  Because Vann failed to object to the Government's alleged breach in the district court, our review is limited to plain error.  *See United States v. Hinojosa*, 749 F.3d 407, 411, 413 (5th Cir. 2014).  In resolving whether a breach occurred, this court considers whether the Government's conduct was "consistent with the defendant's reasonable understanding of the agreement."  *Id.* at 413 (internal quotation marks and citation omitted).

We need not resolve whether the alleged breach constitutes plain error as neither party disputes that the written judgment should be corrected to reflect the dismissal of the remaining counts.  In addition, although the written judgment identifies the offense of conviction as enticement and coercion of a minor, the record reflects that Vann pleaded guilty to attempted enticement and coercion of a minor.  Accordingly, we REMAND to the district court for the limited purpose of entering a corrected judgment reflecting the dismissal of the remaining counts and the offense of conviction as attempted enticement and coercion of a minor.  *See* FED. R. CRIM. P. 36.